UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID CARMINE LETTIERI, | CASE NO. C24-0028-KKE |
| Plaintiff(s), | ORDER DISMISSING COMPLAINT |
| v. | |
| T-MOBILE, et al., | |
| Defendant(s). | |

This matter comes before the Court on Plaintiff's filing of an amended complaint. *See* Dkt. No. 9. Plaintiff is proceeding *pro se* and *in forma pauperis*. *See* Dkt. Nos. 1, 6. In granting Plaintiff's application to proceed *in forma pauperis*, U.S. Magistrate Judge Brian Tsuchida recommended that the Court screen Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) before issuing summons. Dkt. No. 6. The Court subsequently screened Plaintiff's complaint, declined to serve it due to deficiencies, and instructed Plaintiff to file an amended complaint to cure those deficiencies. *See* Dkt. No. 8. Plaintiff timely filed an amended pleading (Dkt. No. 9), but it does not cure the deficiencies previously identified and again fails to state a valid claim upon which relief can be granted.

In order to state a claim for relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), a plaintiff must show that (1) a person acting under color of federal law committed the conduct at issue; and (2) the federal actor's conduct deprived the plaintiff of a right, privilege, or

ORDER DISMISSING COMPLAINT - 1

immunity protected by the United States Constitution or the laws of the United States. *See Beltran v. United States*, No. 3:15-CV-00785-SI, 2015 WL 7722414, at *3 (citing *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)). "A *Bivens* action can be maintained only against federal officials in their individual capacities." *Leon v. Elledge*, No. 2:22-cv-00851-BHS-TLF, 2022 WL 17904063, at *2 (W.D. Wash. Dec. 23, 2022) (citing *Morgan v. United States*, 323 F.3d 776, 780 n.3 (9th Cir. 2007)).

Plaintiff's original complaint purported to raise *Bivens* claims against federal officials (Dkt. No. 7), but the amended complaint does not indicate the type of claim Plaintiff intends to raise. Dkt. No. 9. Plaintiff does, however, identify the constitutional rights at issue: due process, the fabrication of evidence, and his right to confrontation and a fair trial. *See id*. at 4–7, 11. Plaintiff's amended complaint also references several federal statutes. *Id*. at 11–12 (referencing 47 U.S.C. §§ 206, 207, 220; the Americans with Disabilities Act; the Rehabilitation Act; 42 U.S.C. § 1985(3)).

Plaintiff's amended complaint continues to be deficient because Plaintiff has not explained how the Defendants listed in the complaint, which include T-Mobile and a T-Mobile employee, were acting under color of law, nor has he explained how the actions or inactions he describes violated his constitutional rights or any of the laws listed in the amended complaint. *See* Dkt. No. 9 at 4–13. Plaintiff's narrative description of a dispute as to the accuracy of a spreadsheet does not shed any light on the nature of the claims Plaintiff intends to raise. *See id*. at 14–15.

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff has been granted the opportunity to state a viable claim in an amended complaint, but the allegations in the amended complaint remain

fatally deficient, the Court DISMISSES Plaintiff's complaint without prejudice for failure to state a claim.

Dated this 18th day of April, 2024.

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING COMPLAINT - 3